## SUPREME COURT.

### SMITH agt. BROWN AND OTHERS.

A demurrer to the whole complaint, assigned several causes, that extended to the whole complaint; but other parts or specifications of the demurrer, alleged that certain specified portions of the complaint were redundant, immaterial and uncertain; motion to strike out the last mentioned specifications in the demurrer as irrelevant, redundant, impertinent, &c., denied.

*Quere*—Whether § 160 of the Code applies to demurrers?

*Franklin Special Term, February* 1852. The defendants had demurred to the complaint, and the plaintiff now moves to strike out the 3d and 6th causes of demurrer " as irrelevant, redundant and impertinent in its allegations"; also, the last cause of demurrer specified in the defendants' demurrer, as irrelevant, redundant, impertinent, indefinite and uncertain in its specifications.

The 3d, 6th and last specifications, or causes of demurrer, assigned, were as follows:

" *Third.* That all that part of the complaint commencing with the word 'that,' in the 8th line of folio 16, and ending with the words ' in their lands,' in the third line of folio 17, is vague, uncertain and redundant"

" *Sixth.* The averments, contained in said complaint, commencing with the words ' plaintiff says,' in the 2d line of folio 18, ending with the words ' ever since,' in the same folio, are redundant, immaterial and uncertain."

" *Lastly.* The said complaint in other respects is uncertain, informal and insufficient."

It appeared by affidavit of the plaintiff's attorney, that a motion by the defendants to strike out those parts of the complaint mentioned in the 3d and 6th specifications, and for the reasons mentioned in said specifications, had been made and denied.

W. W. WALLACE, *for the Motion.*

—— HUTTON, *Contra.*

HAND, Justice.—The defendants contend that the passages in the complaint, specified in those parts of the demurrer, which are now under consideration, are immaterial and irrelevant; and that these assignments of causes of demurrer are only a necessary consequence. But surplusage and immaterial allegations are not demurrable, if, without them, a cause of action or defence be stated in the same count or plea (11 *East*, 65; 1 *Chitt. Pl.* 573, *n.;* 5 *Bac. Abr.* 414; *Gould*, 154; 2 *Sanf. Sup. C. R.* 702). Nor are immaterial and impertinent allegations, confessed by a demurrer; for what a party can not contest, he does not confess by leaving it unanswered (*Gould*, 471: 5 *Bac. Abr.* 460). Nor will a demurrer be permitted to part of a single indivisible cause of action (1 *Chit. Pl.* 577; and see Slocum vs. Wheeler, 4 *How. Pr. R.* 373) nor to part only of a single defence (Cobb agt. Frazee, 4 *How. Pr. R.* 413). Mr. Justice GRIDLEY said a party in such a case may move to strike out a demurrer (Cobb agt. Frazee, *supra ;* and see Rae agt. Wash. Mu. Ins. Co., 6 *How. Pr. R.* 21). If a plea profess to answer only a part, and in fact only answers a part of a declaration (and which is not otherwise answered), the plaintiff may have judgment; and a demurrer and joinder in such cases, discontinues the action (1 *Saund.* R. 28, *n.* 3; and see 2 *Ld. Raymond,* 1021). But here the demurrer professes to be, and is, in other parts of it, to the whole complaint; the first, second, fourth and fifth specifications covering the whole of it. And assigning as a cause of demurrer, that certain parts of the complaint are immaterial and redundant, does not vitiate the demurrer. Although the special cause assigned for demurring may be frivolous, the demurrer itself may be substantial (Furniss vs. Ellis, 2 *Brock.* 18; MARSHALL, C. J.). It seems to me, those parts of the demurrer to which objection is now made, may be considered as merely parts of the same demurrer. No precise form of words are necessary in a demurrer (1 *Chitty Pl.* 578). And there is no demurrer to a demurrer. If, after alleging that sufficient facts to constitute a cause of action are not stated, the pleader demurs to all of it for that cause, and then specifies his objections to it in parts, though perhaps rather inartificial, it will not, for that reason, be an invalid demurrer.

But, admitting these portions of the demurrer are irrelevant

Smith agt. Brown and others.

and immaterial, I am inclined to the opinion that this motion can not be sustained.   Perhaps, in a sense, under the Code, a demurrer may be considered as a " pleading" (§ 156); Brodhead agt Brodhead 4 *How. Pr. R.* 308).   And it has been said a demurrer is a plea.   But this is because the *placitum is nomen collectivum* (Hilson vs. Law, 1 *Ld. Raymond,* 22).   In the ordinary use of the term, it is not a plea (*Gould,* 46, 460).   The 160th section of the Code, authorizes the court to strike out irrelevant and redundant matter in a pleading.   And no part of the record should be encumbered with useless statements or unnecessary prolixity.   That would be unlawyer-like and a grievance to all concerned.   And I will not say that causes specially assigned in a demurrer, contrary to fact, and therefore plainly idle, should not be expunged on motion.   This probably would be so, irrespective of the Code; and a frivolous demurrer is provided for (*Code,* § 247).   But where, as in this case, a demurrer, in other parts good in form and extending to the whole complaint, specifies a few sentences of the complaint as being immaterial, I do not think the 160th section was intended to apply.   A joinder in a demurrer is general, so no additional issues are tendered. And the causes specially assigned, if in good faith, are hardly more than points, so far apprising an opponent of the positions upon which the party relies.   If untenable, they are, of course, unavailing.   And if the grounds of objection are not specified, as is the case in this last specification, it may be disregarded (*Code,* § 145).   Indeed, if no grounds of objection to the complaint had been distinctly specified, it seems the whole demurrer might have been disregarded (see the reasoning of the judges in Durkee agt. S. & W. R. R. Co.. 4 *Howard,* 226, and DeWitt vs. Swift, 3 *id.* 280;   *Code,* § 145; 22 *Wend.* 630).

And again, if those parts of the complaint specified, are in fact immaterial and irrelevant, upon which I now give no opinion, the plaintiff should not complain because they are specified as such in the demurrer.

Motion denied.